|  |  |
|---|---|
|  | O |
|  | JS-6 |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES DE LA RIVA SOTELO, an individual,<br><br>            Plaintiff,<br>  v.<br><br>BELFOR USA GROUP INC., a Colorado corporation, doing business as BELFOR PROPERTY RESTORATION; BELFOR PROPERTY RESTORATION, a business entity of form unknown; JOSE FERNANDEZ, an individual; and DOES 1 through 50, inclusive,<br><br>           Defendants. | 2:17-cv-09056-RSWL-MRWx<br><br>**ORDER RE PLAINTIFF'S MOTION TO REMAND** [14]**; DEFENDANTS' MOTION TO DISMISS** [12] |

    Currently before the Court is Plaintiff Andres De La Riva Sotelo's ("Plaintiff") Motion to Remand to State Court ("Motion to Remand") [14] and Defendants Belfor USA Group Inc. ("Belfor USA") and Jose Fernandez's ("Fernandez") (collectively, "Defendants") Motion to Dismiss Plaintiff's Fourth Cause of Action ("Motion to Dismiss") [12].  Having reviewed all papers

1

submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion to Dismiss **as MOOT**.

## I. BACKGROUND

**A.  Factual Background**

Plaintiff is an individual residing in Los Angeles County, California. First Am. Compl. ("FAC") ¶ 1, ECF No. 10. Belfor USA is a Colorado corporation with its headquarters in Michigan. Id. ¶ 2. Fernandez is an individual residing in Los Angeles County, California. Id. ¶ 4.

Belfor USA employed Plaintiff as a carpenter and general construction worker from 2005 to January 23, 2017. Id. ¶ 8. On May 20, 2016, Plaintiff injured his back, legs, hips, ankle, and abdomen. Id. ¶ 9. Plaintiff visited a physician and returned to work with light-duty restrictions, including no pulling or lifting over twenty pounds and no squatting or climbing. Id. On May 31, 2016, Plaintiff's physician placed further restrictions on Plaintiff's work, including no lifting over ten pounds. Id. ¶ 11. Plaintiff informed Fernandez, Plaintiff's supervisor, of these restrictions. Id. After Plaintiff informed Fernandez of these work restrictions, Plaintiff alleges that Fernandez began to harass Plaintiff by

> reducing Plaintiff's work hours, giving Plaintiff undesirable work schedules when Plaintiff was given reduced working hours,

2

> purposely sending Plaintiff to work at the most undesirable locations to complete work, and verbally harassing Plaintiff by calling him derogatory verbal epithets in Spanish such as 'huevon' (derogatory term for lazy person) and 'chueco' (derogatory term for handicap person).

Id. ¶ 12.

On January 23, 2017, Belfor USA terminated Plaintiff because, as Plaintiff alleges, there were no longer any light-duty jobs available for Plaintiff. Id. ¶ 13.

**B.   Procedural Background**

Plaintiff filed his Complaint in Los Angeles County Superior Court against Belfor USA, Belfor Property Restoration,[1] and Fernandez alleging (1) disability discrimination in violation of the Fair Employment & Housing Act ("FEHA"); (2) failure to engage in a good faith interactive process in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) harassment in violation of FEHA; (5) retaliation in violation of FEHA; (6) failure to take all reasonable steps to prevent discrimination, harassment, or retaliation; and (7) wrongful termination in violation of public policy.  Notice of Removal, Ex. A ("Compl.").

Belfor USA filed its Notice of Removal [1] on December 18, 2017.  In its Notice of Removal, Belfor USA argued that diversity of citizenship exists because

---

[1] Defendants state that Defendant Belfor Property Restoration is simply a brand name for Belfor USA and thus not a separate entity against which Plaintiff can assert causes of action. Notice of Removal 4:19-22, ECF No. 1.

3

Fernandez, who, like Plaintiff, is a citizen of California, was fraudulently joined. Notice of Removal 5:10-12. Presumably in response to Belfor's Notice of Removal, Plaintiff filed his First Amended Complaint ("FAC") [10] on December 20, 2017. While the FAC contains the same seven causes of action as the original Complaint, the FAC adds one allegation regarding the fourth cause of action, harassment, which is the only cause of action Plaintiff asserts against Fernandez. See FAC ¶ 12.

Defendants then filed their Motion to Dismiss [12] on January 8, 2018. On January 17, 2018, Plaintiff filed his Motion to Remand [14]. Plaintiff filed his Opposition [15] to Defendants' Motion to Dismiss on February 8, 2018. Defendants filed their Opposition [16] to Plaintiff's Motion to Remand on February 13, 2018. Plaintiff filed his Reply [17] in support of his Motion to Remand on February 16, 2018. Defendants filed their Reply [18] in support of their Motion to Dismiss on February 20, 2018.

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 1441 "authorizes the removal of civil actions from state court to federal court when the action . . . could have been brought, originally, in a federal district court." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83 (2005). An action may be removed on the basis of diversity jurisdiction if there is

complete diversity, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

An exception to the complete diversity requirement is where a non-diverse defendant has been "fraudulently joined." Morris, 236 F.3d at 1067. Under the fraudulent joinder doctrine, "joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). There is, however, a "general presumption against fraudulent joinder." Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1113 (9th Cir. 2016). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the Court must remand." Macey v. Allstate Prop & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the

5

complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)(internal citations omitted). "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Id. (quotation omitted).

**B. Analysis**

Plaintiff asserts only one cause of action against Fernandez, harassment in violation of FEHA. FAC ¶¶ 49-58. Under California law, harassment consists of conduct "not necessary for performance of a supervisory job" and "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Janken v. GM Hughes Elecs., 53 Cal. Rptr. 2d 741, 745 (Ct. App. 1996). Defendants assert that Plaintiff, in his Complaint, only alleges Fernandez engaged in harassment based on personnel management actions regarding work hours, schedules, and locations—conduct that does not qualify as harassment.[2]

---

[2] The case Defendants cite in support of this argument is distinguishable from the instant Action. In Cofer v. Parker-Hannifin Corp., the court had previously granted a motion to dismiss and allowed the plaintiff the opportunity to amend his complaint. 194 F. Supp. 3d 1014, 1017 (C.D. Cal. 2016). However, even after the plaintiff amended his harassment cause of action, it still only included allegations of personnel decisions, which are not evidence of harassment. Id. at 1021. The court therefore found that the plaintiff could not allege a

6

Defs.'Opp'n to Pl.'s Mot. to Remand ("opp'n") 4:12-20, ECF No. 16. However, in his FAC, Plaintiff added allegations regarding Fernandez's use of racial epithets to harass Plaintiff. The additional allegation reads, Fernandez "began verbally harassing Plaintiff by calling him derogatory verbal epithets in Spanish such as 'huevon' (derogatory term for lazy person) and 'chueco' (derogatory term for handicap person)." FAC ¶ 12.

Defendants argue that the Court must focus on the allegations in the Complaint at the time of removal. Opp'n 6:4-7. Contrary to Defendants' argument, courts may consider amended pleadings when addressing claims of fraudulent joinder. See Bell v. Terminix Int'l Co., No. 16-00012 ACK-KSC, 2016 WL 3166318, at *5 (D. Haw. June 6, 2016); Loid v. Computer Scis. Corp., No. CV-12-5144-EFS, 2013 WL 808696, at *5 (E.D. Wash. Mar. 5, 2013)("[W]hen the initial complaint facially precludes removal, courts may properly consider a timely-filed amended complaint 'as a clarification to the allegations bearing on the federal court's jurisdiction.'" (internal citation omitted)).

Even without considering these new allegations, "[a] merely defective statement of the plaintiff's action does not warrant removal." Albi v. St. & Smith

---

harassment cause of action against the individual defendant, and thus, the defendant was fraudulently joined. Id. at 1022. Here, the Court has not previously dismissed Plaintiff's harassment claim and given him a chance to amend such claim.

Publ'ns, Inc., 140 F.2d 310, 312 (9th Cir. 1944). In fact, "[m]erely a 'glimmer of hope' that [the] plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." Gonzalez v. J.S. Paluch Co., No. 12-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013)(internal quotations omitted). Defendants have failed to show that Plaintiff cannot amend his pleadings to adequately state a claim for harassment against Fernandez. See Mulleneaux v. Wells Fargo Bank, N.A., No. CV1700780BROKKX, 2017 WL 2604249, at *6 (C.D. Cal. June 15, 2017)(noting defendant failed to establish the plaintiff could not amend her complaint to adequately state a claim). Based on the allegations in the Complaint, Fernandez played an integral role in supervising Plaintiff. Defendants have failed to show that Plaintiff is unable to develop his allegations further to assert a viable harassment claim against Fernandez. See Padilla, 697 F. Supp. 2d at 1159 ("A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that convinces the plaintiff to drop that defendant.").

Finally, even if the harassment allegations in the Complaint and/or FAC are insufficient as currently pleaded (though the Court does not make this determination), there is still the potential for a viable claim of harassment against Fernandez. See id.

at 1159-60; see also Christ v. Staples, Inc., No. CV 14-07784 MMM JEMX, 2015 WL 248075, at *7 (C.D. Cal. Jan. 20, 2015)(holding that the question was not whether the plaintiff *had* sufficiently pleaded severe and pervasive conduct but rather whether there was a possibility the plaintiff *could* allege a claim of harassment). Plaintiff has already amended his Complaint to include allegations that Fernandez used racial epithets, which surely demonstrates more than a "glimmer of hope" that Plaintiff can establish a harassment claim against Fernandez.

In sum, Defendants have failed to meet their heavy burden of establishing that Plaintiff fraudulently joined Fernandez as a defendant. Fernandez's California citizenship must therefore be considered in assessing diversity jurisdiction. Because both Plaintiff and Fernandez are citizens of California, diversity does not exist, and the Court lacks subject matter jurisdiction over this Action.

///
///
///
///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand [14] and **DENIES as MOOT** Defendants' Motion to Dismiss [12]. The matter shall be remanded to the Superior Court of California for the County of Los Angeles, **Case No. BC683805.**

**IT IS SO ORDERED.**

DATED: March 13, 2018          s/ RONALD S.W. LEW

                                         **HONORABLE RONALD S.W. LEW**
                                         Senior U.S. District Judge